## PEOPLE v. WILSON

1. Trial—Judges—Partiality—Appeal and Error—Reversal.

   A judge, in conducting a trial, has great power and wide discretion but his power is not unlimited, and if an examination of the record reveals that a trial judge has pierced the veil of judicial impartiality, a case must be reversed.

2. Trial—Judges—Impartiality.

   Trial judges who berate, scold, and demean a lawyer so as to hold him up to contempt in the eyes of the jury, destroy that balance of judicial impartiality necessary to a fair hearing.

3. Trial—Judges—Improper Conduct.

   Trial judge's repeated disciplining of counsel, often before the jury, questioning and cross-examination of witnesses, often argumentatively, attempts to clarify testimony, and other comments and questions, were of such a nature as to unduly influence the jury and thereby deprive defendant of his right to a fair and impartial trial, where they too frequently interjected the judge's personality and views into the proceedings.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 October 8, 1969, at Lansing. (Docket No. 5,642.) Decided December 10, 1969.

Willard Wilson was convicted by a jury of possession of a stolen vehicle. Defendant appeals. Reversed and remanded.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  53 Am Jur, Trial § 93.
[2]  53 Am Jur, Trial § 88.
[3]  53 Am Jur, Trial § 76 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Appellate Attorney, and *Roger W. Kittendorf,* Assistant Prosecuting Attorney, for the people.

*Carl L. Bekofske,* for defendant on appeal.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

BRONSON, J.    Defendant, Willard Wilson, was tried and convicted before a jury in the Genesee County Circuit Court of possession of a stolen vehicle.    MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954).    From that conviction defendant appeals.

During the trial, the judge repeatedly disciplined counsel, often before the jury, questioned and cross-examined witnesses, often argumentatively, and "clarified" testimony.    On appeal defendant questions whether the actions and comments of the trial judge precluded the jury from rendering a fair and impartial verdict.

The trial judge made a number of comments and asked a number of questions during the trial of defendant.    The trial transcript is 250 pages long, and a cataloging of all the judge's comments would serve no useful purpose.    The issue is whether the trial judge's comments or questions were of such a nature as to unduly influence the jury and thereby deprive the appellant of his right to a fair and impartial trial.    *People* v. *Cole* (1957), 349 Mich 175, 200.

In matters of trial conduct the trial judge has great power and wide discretion.    *People* v. *Cole, supra,* at 199.    But this power is not unlimited.    If an examination of the record reveals that the veil

of judicial impartiality was pierced by the trial judge, the case must be reversed. *People* v. *Bedsole* (1969), 15 Mich App 459, 462.

In *People* v. *Cole*, at 196, the Court stated:

"American Jurisprudence says upon the point in question:

" 'The assumption by the trial judge of the burden of cross-examining the accused in a criminal case with the use of sharp language in framing the questions is reversible error.' 3 Am Jur, Appeal and Error, § 1056, pp 606, 607.

"We do not intimate that a trial judge may not, in the interest of justice, participate in the questioning of a witness or witnesses. We believe, however, that *hostile cross-examination of a defendant in a criminal prosecution is a function of the prosecuting attorney and that a judge before whom a jury case is being tried should avoid any invasion of the prosecutor's role. People* v. *Egan* (1928), 331 Ill 489 (163 NE 357); *Smith* v. *State* (1916), 12 Okla Crim 513 (159 P 940); Annotation, 84 ALR 1172; Annotation, 57 LRA 875, 882." (Emphasis supplied.)

A careful reading of the transcript persuades us that the trial judge too frequently interjected her personality and views into the proceedings.

Trial judges who berate, scold, and demean a lawyer so as to hold him up to contempt in the eyes of the jury destroy that balance of judicial impartiality necessary to a fair hearing.

The language of the Canons of Professional Ethics and the Canons of Judicial Ethics is not ambiguous:

"It is the duty of the lawyer to maintain towards the courts a respectful attitude, not for the sake of the temporary incumbent of the judicial office, but for the maintenance of its supreme importance. Judges, not being wholly free to defend themselves, are peculiarly entitled to receive the support of the

bar against unjust criticism and clamor." Canons of Professional Ethics, Canon 1.

"A judge should be courteous to counsel  *  *  * and also to all others appearing or concerned in the administration of justice in the court." Canons of Judicial Ethics, Canon 10.

"A judge may properly intervene in a trial of a case to promote expedition, and prevent unnecessary waste of time, or to clear up some obscurity, but he should bear in mind that his undue interference, impatience, or participation in the examination of witnesses, or a severe attitude on his part toward witnesses, especially those who are excited or terrified by the unusual circumstances of a trial, may tend to prevent the proper presentation of the cause, or the ascertainment of the truth in respect thereto.

"Conversation between the judge and counsel in court is often necessary, but the judge should be studious to avoid controversies which are apt to obscure the merits of the dispute between litigants and lead to its unjust disposition. In addressing counsel, litigants, or witnesses, he should avoid a controversial manner or tone.

"He should avoid interruptions of counsel in their arguments except to clarify his mind as to their positions, and he should not be tempted to the unnecessary display of learning or a premature judgment." Canons of Judicial Ethics, Canon 15.

In the present case the trial judge exceeded the bounds of judicial discretion, thereby denying defendant a fair, impartial, and orderly trial.

Reversed and remanded.

All concurred.