PEOPLE *v.* LAINE

1. CRIMINAL LAW—ACCESSORY—EVIDENCE—PRINCIPAL'S GUILT.
   The conviction of the principal is no longer necessary to sustain
   an accessory's conviction; however, the guilt of the principal
   must still be shown.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PARTIES' CONTENTIONS.
   Error cannot be predicated upon the trial judge's restatement in
   the instructions to the jury of the parties' contentions.

3. ROBBERY—ACCESSORY—EVIDENCE—SUFFICIENCY.
   Evidence that the robbery charged was committed, that defendant's codefendants committed the robbery, and that the defendant participated in the robbery charged by providing transportation for the codefendants to and from the scene of the crime was sufficient to establish defendant's guilt.

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 February 4, 1971, at Grand Rapids. (Docket No. 9693.) Decided February 26, 1971. Leave to appeal denied June 3, 1971, 385 Mich 752.

Norman Laine was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 127, 128.
[2] 53 Am Jur, Trial §§ 646–648.
[3] 21 Am Jur 2d, Criminal Law §§ 115, 118, 124–130.

Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Charles J. La Sata,* for defendant on appeal.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant Norman Laine, charged with unarmed robbery,[1] was convicted upon a jury verdict and sentenced to 7 to 15 years in prison. Taking an appeal as of right, defendant raises three issues.

First, defendant contends it was error[2] for the trial judge to instruct the jury that they must find beyond a reasonable doubt that the crime was committed, that it was committed by the codefendants, and that defendant Norman Laine either aided, assisted, procured, or counseled the codefendants in its commission. It is true, by virtue of MCLA § 767.39 (Stat Ann 1954 Rev § 28.979), that the distinction between principal and accessory has been removed. However, though *conviction* of the principal is no longer necessary to charge the accessory, the *guilt* of the principal must still be shown. See, *People* v. *Tunnacliff* (1965), 375 Mich 298, 301; *People* v. *DeBolt* (1934), 269 Mich 39; *People* v. *Hoaglin* (1933), 262 Mich 162; *People* v. *Owen* (1927), 241 Mich 111.

Defendant's second complaint about the instructions is wholly without merit. There can be no error in the trial judge's restating the contentions of the parties.

---

[1] MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).
[2] No objection was voiced regarding the jury instructions, thus this issue is evaluated by the manifest injustice standard.

Second, defendant asserts insufficiency of the evidence. Though the evidence was partly circumstantial, it is clear from the record that the evidence established defendant's guilt. The evidence shows that the robbery was committed, that co-defendants Brown and Small committed it, and that defendant participated therein at least to the extent of providing transportation to and from the scene of the crime.

Third, defendant asserts a denial of fair trial and due process based on his first two assertions of error. The first two claims of error fail, therefore, this issue must fail.

Defendant has shown no error. Conviction affirmed.