PEOPLE v TOLBERT

1. Drugs and Narcotics—Evidence—Possession—Intent to De-
   liver—Circumstantial Evidence—Inferences.

   Possession of heroin and an accused's intent to deliver heroin
   may be proved by circumstantial evidence and reasonable
   inferences therefrom.

2. Drugs and Narcotics—Evidence—Heroin—Knowing Possession
   of Heroin.

   The presence of heroin "cookers" containing a heroin residue,
   and foil papers creased in a manner like that of foil packets
   typically used to enclose heroin in a home resided in solely by a
   defendant and his young children is sufficient evidence of the
   defendant's knowing possession of heroin where there was
   other evidence of heroin which could be tied to the defendant.

3. Drugs and Narcotics—Possession—Statutes—Amount Pos-
   sessed—Usable Dose.

   Possession of a controlled substance with intent to deliver is
   proscribed by statute without regard to the amount of the
   substance possessed; it is not limited to possession with intent
   to deliver of a usable dose (MCLA 335.314; MSA 18.1070[14]).

4. Drugs and Narcotics—Statutes—Constitutional Law—Posses-
   sion—Intent to Deliver—Quantity Requirement.

   The lack of a quantity requirement does not render the statute
   which proscribes possession of and intent to deliver a controlled
   substance unconstitutionally vague and indefinite; the statute
   provides fair notice of the conduct proscribed, does not confer
   unlimited discretion on the finder of fact, and does not impinge
   on First Amendment freedoms (MCLA 335.341[4]; MSA
   18.1070[41] [4]).

References for Points in Headnotes

[1, 2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44, 47.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 20, 21.
[4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 17, 21.
[5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 46, 47.
[6, 7] 21 Am Jur 2d, Criminal Law § 127.
[8] 21 Am Jur 2d, Criminal Law § 123.

5. DRUGS AND NARCOTICS—EVIDENCE—CRIMINAL LAW—INTENT TO DE-
     LIVER—INSTRUCTIONS TO JURY.

     Sufficient evidence was presented to justify a charge to the jury
     on intent to deliver a controlled substance, even though the
     small amount of the substance seized might not by itself justify
     such a charge, where the presence of several pre-cut foil
     packets indicated that the defendant was engaged in more than
     personal use, and the circumstances of the defendant's arrest
     suggested that the defendant was in the process of attempting a
     delivery at the moment the police arrived.

6. CRIMINAL LAW—AIDING AND ABETTING—INSTRUCTIONS TO JURY—
     GUILT OF PRINCIPAL.

     Conviction of a principal is not necessary to charge an accessory,
     but an aiding and abetting instruction may not be given to a
     jury absent proof of the guilt of the principal.

7. CRIMINAL LAW—AIDING AND ABETTING—SHARED INTENT—KNOWL-
     EDGE OF INTENT.

     A defendant, to be proven guilty as an aider and abettor, must be
     shown to have either shared the criminal intent of the princi-
     pal or aided and abetted knowing that the principal had the
     requisite criminal intent.

8. CRIMINAL LAW—INSTRUCTIONS TO JURY—AIDING AND ABETTING.

     An instruction to the jury on aiding and abetting was improperly
     given where the defendant was charged with possession of
     heroin with intent to deliver and where there was no evidence
     to indicate the intent of the parties who were arrested at the
     same time as the defendant; reversal of the defendant's convic-
     tion on a general verdict of guilty on the principal charge is
     required where it cannot be ascertained that the jury did not
     convict because of the erroneous instruction.

Appeal from Saginaw, Elza H. Papp, J. Submit-
ted February 8, 1977, at Lansing. (Docket No.
27047.) Decided August 8, 1977.

Donald L. Tolbert was convicted of possession of
heroin with intent to deliver. Defendant appeals.
Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert L. Kaczma-
rek,* Prosecuting Attorney, and *Lawrence W.*

*Smith,* Assistant Prosecuting Attorney, for the people.

*Ray J. MacNeil,* for defendant.

Before: D. E. Holbrook, P. J., and R. B. Burns and M. F. Cavanagh, JJ.

M. F. Cavanagh, J. On June 3, 1975, a jury found the defendant guilty of possession of heroin with intent to deliver, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). On September 22, 1975, he was sentenced to a prison term of 10 to 20 years. He appeals as of right.

Under authority of a search warrant, officers of the Saginaw Police Department vice squad searched the defendant's house for narcotics on the evening of December 11, 1974. Upon entry, the police discovered the defendant and two women, Linda Turnbull and May Hampton, in the small, ground-floor bathroom. The occupants were ordered to come out into the living room. As they emerged, an officer heard the toilet flushing and rushed into the bathroom. Just as the toilet was about to complete its flush cycle, the officer pulled a hypodermic syringe and a small envelope from the commode. Inside the envelope were found two small aluminum foil packets containing a brownish powder. When the defendant was frisked, another hypodermic syringe was found in his back pocket.

The officers found several small pieces of aluminum foil and two burned bottlecap "cookers" on a table in the attic. They testified that the foil pieces were creased in a manner like that of foil "packets" typically used to enclose heroin.

Expert analysis of the brown powder in the packets found in the bathroom and a residue

found in both bottlecaps revealed the presence of heroin in each.

Both women told the police upon their arrest that they did not reside in the house. Papers and envelopes seized during the search indicated that the house was the defendant's residence, and the defendant admitted as much when he testified in his defense.

We cannot agree with the defendant's claim that the evidence was insufficient to charge the jury on the offense of possession of heroin with intent to deliver. Possession of heroin and an accused's intent to deliver may be proved by circumstantial evidence and reasonable inferences therefrom. *People v Abrego,* 72 Mich App 176, 181; 249 NW2d 345, 347–348 (1976), *People v Mumford,* 60 Mich App 279, 283; 230 NW2d 395, 397 (1975). The presence of the heroin cookers and foil papers in the attic of a house resided in solely by the defendant and his three young children is sufficient evidence of his knowing possession of heroin.[1] Moreover, this evidence indicates that one could reasonably infer that it was defendant, and not the other two women in the bathroom, who had possessed the heroin found there.

Defendant's argument that MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), forbids only "possession with intent to deliver a usable dose" is convincingly refuted by the specific language of MCLA 335.314; MSA 18.1070(14), which includes in the definition of proscribed controlled substances any substance in which "the existence of these [opiate] isomers, esters, ethers and salts is possible within the specific chemical designation", and by the

---

[1] Unlike *People v Peterson,* 63 Mich App 538; 234 NW2d 692 (1975), and *People v Jerry Johnson,* 68 Mich App 697; 243 NW2d 715 (1976), there is sufficient evidence here to tie the drugs present on the scene to this defendant.

Supreme Court's rationale in *People v Harrington,* 396 Mich 33; 238 NW2d 20 (1976).[2]

While the possession of the small amount of heroin found in this raid might not in itself justify a charge on intent to deliver, *cf., People v Peterson,* 63 Mich App 538, 547; 234 NW2d 692, 697 (1975), there were other circumstances from which an inference of the defendant's intent to deliver could be reasonably drawn. The presence of several pre-cut foil packets indicates that the defendant was engaged in more than personal use of the drug. The circumstances of the defendant's arrest suggest that the defendant had been in the process of attempting a heroin delivery at the very moment that the vice squad arrived.

In conference at the close of the evidence, the prosecutor asked for an instruction on aiding and abetting. Defense counsel objected on the ground that there was no evidence that either of the two women had possessed heroin with intent to deliver. The trial court disagreed with defense counsel and instructed the jury by reading the text of MCLA 767.39; MSA 28.979:

---

[2] Defendant also claims that the lack of a "quantity requirement" renders the statute unconstitutionally vague and indefinite. We examine this claim under the three-part analysis of *People v Howell,* 396 Mich 16, 20; 238 NW2d 148, 149–150 (1976). (1) The statute provides fair notice of the conduct proscribed. The statute forbids knowing possession of any amount of the substance. MCLA 335.341(4); MSA 18.1070(41)(4). Similarly, possession with intent to deliver any amount of a controlled substance is proscribed. (2) The statute does not confer unlimited discretion on the finder of fact: the fact-finder must determine that the possession of the controlled substance was knowing and that the defendant intended to deliver. (3) Defendant does not even allege that the statute impinges on First Amendment freedoms.

We perceive defendant's real complaint to be one better couched in terms of constitutional limits on the police power. *See People v Harrington,* 396 Mich 33, 51; 238 NW2d 20, 28 (1976), (dissenting opinion of KAVANAGH, C. J.). The decision of the majority in *People v Harrington, supra,* precludes us from holding that the state may not forbid possession or delivery of an amount of narcotics, as involved in this case, visible to the naked eye.

"Now, ladies and gentlemen of the jury, we do have a statute which is Michigan Statutes Annotated 28.979. It is a statute that was written to abolish the differences between principal and accessory before the fact or after the fact. It reads as follows:

" 'Abolition of distinction between accessory and principal,

" 'Section 39. Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense, or procures, counsels, aids, or abets in its commission, may hereafter be prosecuted, indicted, tried, and upon conviction be punished as if he had directly committed the offense.' "

Although *conviction* of the principal is no longer necessary to charge an accessory, an aiding and abetting instruction may not be given absent proof of the *guilt* of the principal. *People v Akerley,* 73 Mich App 321, 326; 251 NW2d 309, 311 (1977), *People v Laine,* 31 Mich App 271, 272; 187 NW2d 505, 506 (1971), *lv den,* 385 Mich 752 (1971). To prove an accused's guilt as an aider and abettor, it must be shown that the defendant either shared the criminal intent of the principal or aided and abetted knowing that the principal had the requisite criminal intent. *People v Spry,* 74 Mich App 584; 254 NW2d 782 (1977), *People v Penn,* 70 Mich App 638, 649; 247 NW2d 575, 581 (1976). "Notwithstanding the accused aider's intent, such proof is a logical impossibility if proof of the *actor's* criminal intent is lacking." (Emphasis supplied.) *People v Akerley, supra,* 326.

There was no evidence that either of the two women arrested with the defendant possessed heroin with the intent to deliver. At most, the evidence would justify an inference that either one or both possessed the heroin and attempted to flush it

away upon the untimely arrival of the police.[3] There was no evidence to connect either of the women with the items found in the attic; nor was there any evidence of any transactions between the women and the defendant or third parties which would indicate their intent on the date in question. While there may have been sufficient evidence to charge the defendant as an aider and abettor on the charge of possession alone, on the theory that the defendant acted as a lookout while the women attempted to destroy the drugs, *People v Lyons,* 70 Mich App 615; 247 NW2d 314 (1976), the instruction was not so limited. The general verdict of guilty on the principal charge requires us to reverse, since we cannot be sure that the jury did not convict on the erroneous charge. *People v Davenport,* 39 Mich App 252, 258–259; 197 NW2d 521, 524 (1972).

This disposition does not require our consideration of other errors urged on appeal.

Reversed and remanded.

---

[3] Indeed, it is little but speculation to surmise that one or both of the women possessed the heroin in the bathroom. Although the defendant testified that both women were known to him as heroin addicts, the only evidence of the women's possession of heroin is their presence inside the small bathroom at the time that the heroin and syringe were being flushed away in the toilet.