PEOPLE v J C WILLIAMS

Docket No. 56191. Submitted May 18, 1982, at Detroit.—Decided July 20, 1982.

J. C. Williams, Jr., was charged with burning a dwelling house. In a jury trial in the Wayne Circuit Court, Joseph B. Sullivan, J., defendant was convicted of the lesser included offense of attempted burning of a dwelling house. Defendant appeals alleging error in the trial court's instructions to the jury and in the prosecutor's introduction of rebuttal evidence following defendant's testimony. *Held:*

1. The rebuttal testimony belonged in the prosecution's case in chief. However, the circumstances at trial were such as to justify the admission of the additional testimony. Since the prosecution was unaware of the witness's testimony until after the close of proofs, it could not have been brought out in the case in chief.

2. The admission of the additional material testimony was appropriate and did not constitute an abuse of discretion.

3. The request to admit additional testimony as rebuttal evidence was, in essence, a request to reopen the proofs. Such motion is addressed to the discretion of the trial judge, although the party requesting the reopening bears the burden of showing that the proposed additional evidence is both newly discovered and material. That burden was clearly carried in the instant case.

4. Although defense counsel did not object to the instructions complained of on appeal, appellate review is not precluded since defendant has a right to have a properly instructed jury pass upon the evidence.

5. The trial court's comment in the jury instructions that "both were burned", even if viewed as an erroneous usurpation of the jury's function with regard to the charged offense, does

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 250.
[2] 75 Am Jur 2d, Trial § 68.
[3] 75 Am Jur 2d, Trial § 747.
[4] 75 Am Jur 2d, Trial § 713.

not mandate reversal since defendant was acquitted of that offense and was convicted of the lesser offense for which it was unnecessary to prove that an actual burning of a building or its contents took place.

6. The trial court's instruction, "the building must be shown to have been used as a dwelling by a person. Here the Arnolds.", should not be interpreted as constituting a charge that that element had been proven as a matter of law. It was a reference to the prosecution's theory regarding that element and did not remove that element from the juror's consideration. No reversible error is apparent.

Affirmed.

1. EVIDENCE — REBUTTAL.

Rebuttal testimony is limited to the refutation of relevant and material evidence; therefore, evidence that could have been admitted during the prosecution's case in chief generally will not be admitted for the first time during rebuttal.

2. TRIAL — REOPENING PROOFS — DISCRETION OF COURT — NEWLY DISCOVERED MATERIAL EVIDENCE — BURDEN OF PROOF.

A request to reopen the proofs is addressed to the discretion of a trial court judge; the party requesting the reopening bears the burden of showing that the proposed additional evidence is both newly discovered and material.

3. CRIMINAL LAW — EVIDENCE — JURY — INSTRUCTIONS.

A defendant in a criminal case has a right to have a properly instructed jury pass upon the evidence.

4. CRIMINAL LAW — PLEA OF NOT GUILTY — ELEMENTS OF CRIME — JURY TRIAL.

Once a plea of not guilty is entered, the defendant has an absolute right to a jury determination upon all essential elements of the offense, neither depleted nor diminished by what otherwise might be considered the conclusive or compelling nature of the evidence against him; furthermore, in a situation wherein an understandingly tendered waiver is not forthcoming from the defendant, under no circumstances may the trial court usurp this right by ruling as a matter of law on an essential element of the crime charged.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Dep-

uty Chief, Civil and Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*John Nussbaumer,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. Defendant was charged with burning a dwelling house, MCL 750.72; MSA 28.267, and, in a jury trial, was convicted of the lesser included offense of attempted burning of a dwelling house, MCL 750.92; MSA 28.287. He was sentenced to a prison term of two to five years and now appeals as of right.

The charge against defendant arose out of the October 4, 1979, burning of the home of Homer and Patricia Arnold. At the time of the fire, the Arnolds were purchasing the house from defendant's father under a land contract. Within minutes of when the fire was reported, the police were called to the home of Guarnello and Margaret Simmons, who lived three to five miles from the Arnold home. They found defendant there, badly burned about the head, face, waist, and hands. Two witnesses, Tommie Lee and Fayette Lewis, reported seeing defendant run from the Arnold house as the home began to burn. A third witness saw a man she could not identify run from the house. Investigators testified that the fire occurred when gasoline which was spread throughout the home was ignited by a hot water heater pilot light. Tests done on defendant's clothing showed the presence of gasoline residue.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant testified on his own behalf, repeating what he had previously told the police. He stated that he had been involved in a murder case and had received threats upon his life concerning his statements to the police in that case. He indicated that he had moved to California out of fear, and was back in Michigan only to pick up some belongings. Defendant claimed that he was driving around to say good-bye to people when the driver of a car behind him honked its horn. Defendant stated that when he pulled over to the side of the road an individual exited from the other vehicle, doused liquid on him and threw a match. Defendant believed the alleged attack was related to the murder case.

On appeal, defendant argues that reversible error occurred when the prosecution was permitted to introduce rebuttal evidence following his testimony. On the day of the incident, paramedics cut off defendant's pants, which had some type of material stuck to them. Police tests compared the material with samples taken from the carpeting in the Arnold home, but no connection could be established. However, following the presentation of the defendant's case, Mrs. Arnold was allowed to testify that the material attached to the pants matched material from a sofa within the family room of the home. Apparently, Mrs. Arnold had never previously been shown the pants by the investigating officers. Moreover, she was absent from court pursuant to a sequestration order when other witnesses testified concerning the pants. It was only after the defense rested that Mrs. Arnold observed the officer in charge of the case handling the pants and commented on the sofa material. The fact that the material came from the sofa was a revelation to the prosecution, which had labored

under the assumption that the material came from carpeting within the Arnold home.

Rebuttal testimony is limited to the refutation of relevant and material evidence, and, therefore, evidence that could have been admitted during the prosecution's case in chief generally will not be admitted for the first time during rebuttal. *People v Bennett,* 393 Mich 445; 224 NW2d 840 (1975); *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974). The rationale behind the rule was first stated in *People v Quick,* 58 Mich 321, 322-323; 25 NW 302 (1885) and adhered to in *McGillen #1, supra,* 265-266:

"We have held on several occasions that the defendant has a right to know in advance of the trial what witnesses are to be produced against him, so far as then known, and to have any new witnesses endorsed on the information as soon as discovered. The object of this is not merely to advise a respondent what witnesses will be produced on the main charge. It is to guard him against the production of persons who are unknown, and whose character he should have an opportunity to canvass. It is as important to impeach a rebutting witness as any other. In the present case, however, the witnesses who were received as rebutting witnesses were not such. They were called to prove what belonged to the people's case in chief. Cases may sometimes arise where testimony which could not be had in the opening may be let in upon good cause shown thereafter. But it is not proper to divide up the testimony on which the people propose to rest their case, and nothing which tends to prove the commission of the crime itself or its immediate surroundings can be classed as rebutting evidence under ordinary circumstances, if at all. In this case that rule was repeatedly violated."

Plainly, Mrs. Arnold's testimony concerning the sofa material which was stuck to defendant's pants belonged in the prosecution's case in chief. By

providing an additional connection between defendant and the location of the alleged arson, Mrs. Arnold's testimony tended to prove the commission of the offense by the defendant. However, the circumstances at trial were such as to justify the admission of additional testimony by Mrs. Arnold. Because the prosecution was totally unaware of the witness's testimony until after the close of proofs, the matter could not have been brought out in the people's case in chief.[1] The request to admit additional testimony as rebuttal evidence was, in essence, a request to reopen the proofs. Such a motion is addressed to the discretion of a trial court judge, although the party requesting the reopening bears the burden of showing that the proposed additional evidence is both newly discovered and material. *People v Van Camp,* 356 Mich 593, 602-603; 97 NW2d 726 (1959). That burden was clearly carried in the instant case. The discovery of Mrs. Arnold's ability to identify the sofa material evidently came immediately before the prosecutor's request for admission. The testimony, as noted above, was material inasmuch as it provided an additional link between the defendant and the fire. Therefore, we conclude that admission of Mrs. Arnold's additional testimony was appropriate and did not constitute an abuse of discretion.

Defendant's second appellate claim is that the trial court's instructions removed two of the four elements of the charged offense from the jurors' consideration. In pertinent part, the jurors were instructed:

"Now, I told you I'd tell you what the elements of the charge are. So we come to that part of the instructions

---

[1] See *People v Losey,* 413 Mich 346, 351, fn 3; 320 NW2d 49 (1982).

now. The defendant is charged with the crime of willfully or maliciously burning a dwelling house. That's what we commonly call arson. The defendant has pled *not guilty* to that charge. To establish the charge, therefore, the prosecution must prove each of the following elements beyond a reasonable doubt.

"First, the defendant must have burned the building charged or its contents. *Here both were burned.* The term burned means setting fire to or doing any act which results in the starting of a fire or helping or persuading another to do so. It is not necessary that the property involved be completely destroyed. The burning of any part, however small, is all that is required.

\* \* \*

"Thirdly, the building must be shown to have been used as a dwelling by a person. *Here the Arnolds.* It does not matter whether the building was owned or used by the defendant." (Emphasis added.)

Although defense counsel did not object to the instructions, appellate review is not precluded. A defendant has a right to have a properly instructed jury pass upon the evidence. *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967). As stated in *People v Reed,* 393 Mich 342, 349; 224 NW2d 867 (1975):

"Once a plea of not guilty is entered, the defendant 'has an absolute right to a jury determination upon all essential elements of the offense. This right, emanating from the criminal defendant's constitutional right to a trial by jury, is neither depleted nor diminished by what otherwise might be considered the conclusive or compelling nature of the evidence against him. \* \* \* [F]urthermore, in a situation wherein an understandingly tendered waiver is not forthcoming from the defendant, under no circumstances may the trial court usurp this right by ruling as a matter of law on an essential element of the crime charged.' *United States v England,* 347 F2d 425, 430 (CA 7, 1965). (Footnote omitted.)"

Here, defendant contends that the trial court effectively ruled as a matter of law that (1) both a building and its contents were burned, and (2) that the building was used as a dwelling by a person. The evidence at trial was overwhelming with regard to both elements, and trial counsel conceded as much in his opening statement and closing argument.[2] Nevertheless, as *Reed, supra,* instructs, the compelling nature of the evidence, even when conceded by counsel, will not justify depriving a defendant of the fundamental right of having a jury consider all of the elements of an offense. A finding of harmless error is inappropriate when a judge invades that province. *Id.,* 349-351.

Here, the trial court did not invade the province of the jury with regard to the offense defendant was convicted of, the lesser included offense of attempted burning of a dwelling house. To convict an accused of this lesser offense it is unnecessary to prove that an actual burning of a building or its contents took place. Consequently, the trial court's comment that "both were burned", even if interpreted as an erroneous usurpation of the jury's function with regard to the charged offense, does not mandate reversal since defendant was acquitted of that offense.

Defendant's claim that the court also instructed that the building was used as a dwelling by a person is pertinent to the lesser offense for which defendant was ultimately convicted. However, in reviewing the instruction in question, we do not

---

[2] In his opening statement, defense counsel stated:

"And we'll show you that the place was burned. There's no question there was a fire. There's no question that there was gasoline used. There's no question that it was arson."

In closing argument, defense counsel stated:

"Somebody burned her house. It's arson. There's no question about it. Somebody tried to burn her house down. Not the slightest doubt."

interpret it as constituting a charge that the element had been proven as a matter of law. The jurors were told, "Thirdly, the building must be shown to have been used as a dwelling by a person. Here the Arnolds." The statement, "Here the Arnolds" was not a ruling that the building was used as a dwelling by the Arnolds, but a reference to the prosecution's theory regarding that element. In effect, the jurors were told that they must find that the building was used as a dwelling by the Arnolds. Unlike the defective instruction in *Reed, supra,* the instruction here did not remove an element from the jurors' consideration. No reversible error is apparent.

Affirmed.