PEOPLE v DOSS

Docket No. 53226. Submitted October 8, 1982, at Detroit.—Decided
    January 20, 1983. Leave to appeal applied for.

Edward Doss was convicted of delivery of heroin following a jury
    trial in Recorder's Court of Detroit, Clarence Laster, Jr., J.
    Defendant appeals. *Held:*

   1. The prosecution was not bound to disprove all theories
consistent with defendant's innocence, rather, the burden on
the prosecution is to prove its own theory beyond a reasonable
doubt in the face of whatever contradictory evidence the defen-
dant may produce.

   2. The record fails to establish that the trial court made
prejudicial comments with respect to a defense witness.

   3. Defendant's claim of error with respect to the accuracy of
the presentence report was not preserved for review, there
having been no objection raised below.

   4. The instructions on aiding and abetting, when read as a
whole, properly informed the jury that, in order to convict,
they must find that defendant had the requisite intent.

   5. There was sufficient evidence presented at trial to support
the verdict of the jury.

   6. The failure of the trial court to recognize that the sentence
imposed for this crime could not be served concurrently with

REFERENCES FOR POINTS IN HEADNOTES
[1] 21A Am Jur 2d, Criminal Law § 782.
    29 Am Jur 2d, Evidence §§ 148, 266.
    30 Am Jur 2d, Evidence §§ 1091, 1125, 1176.
[2] 75 Am Jur 2d, Trial § 115.
    Prejudicial effect of trial judge's remarks, during civil jury trial,
        disparaging the litigants, the witnesses, or the subject matter of
        the litigation. 83 ALR2d 1128.
[3, 4, 5, 10] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[6] 75 Am Jur 2d, Trial § 623.
[7] 5 Am Jur 2d, Appeal and Error § 894.
[8] 30 Am Jur 2d, Evidence § 1080.
[9] 21 Am Jur 2d, Criminal Law §§ 188, 594.
[11] 75 Am Jur 2d, Trial § 713.
[12, 13] 21 Am Jur 2d, Criminal Law § 171.

the sentence the defendant was then serving because the crime was committed while the defendant was an escaped prisoner mandates remand for resentencing.

Affirmed and remanded for resentencing.

D. C. RILEY, J., dissented. She would hold that the instructions to the jury on aiding and abetting failed to adequately inform the jury that the defendant must have been found to have possessed the requisite intent. She would reverse.

### OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — BURDEN OF PROOF.

The frequently stated rule where the people's case is based on circumstantial evidence is that the prosecution has the burden of proving that there is no innocent theory possible which will, without violation of reason, accord with the facts; however, the better approach is to ask whether the evidence presented is sufficient to permit reasonable men to conclude that guilt has been established beyond a reasonable doubt where the physical possibility of the defendant's theory is not disproven, but the evidence presented makes innocence most unlikely.

2. APPEAL — JUDGES — TRIAL — JUDICIAL COMMENT — FAIR TRIAL.

The test to be applied to determine whether a trial judge has pierced the veil of judicial impartiality by making comments on the credibility of a witness at trial which are so erroneous as to require reversal is whether his comments were of such a nature as to unduly influence the jury and thereby deprive a party of his right to a fair and impartial trial.

3. CRIMINAL LAW — COURTS — PRESENTENCE REPORTS — APPEAL.

A defendant may not assign as error issues pertaining to improper material in his presentence report where that defendant does not make a record of error at the time of sentencing to enable the Court of Appeals to perform its function of review.

4. APPEAL — PRESERVING QUESTION.

Trial counsel may not sit back and harbor error to be used as an appellate parachute in the event of jury failure.

5. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

The failure to object at trial to the jury instruction given does not preclude appellate review if the alleged error would result in a miscarriage of justice.

6. CRIMINAL LAW — JURY INSTRUCTIONS — CRIMINAL INTENT — MISCARRIAGE OF JUSTICE.

An erroneous jury instruction on criminal intent results in a miscarriage of justice.

7. APPEAL — JURY INSTRUCTIONS.

Instructions to a jury are reviewed as a whole rather than in small excerpts.

8. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE — DELIVERY OF A CONTROLLED SUBSTANCE.

There is sufficient evidence to support a conviction for delivery of a controlled substance where the proofs show that an undercover police officer bought the drugs from a middleman, the middleman gave the marked money to the defendant, the sale was delayed until the defendant arrived, the defendant left when the sale was completed, and the defendant attempted to flee when confronted by police officers.

9. CRIMINAL LAW — SENTENCING.

Remand for resentencing is mandated where the trial court in imposing sentence was under the impression that the sentence being imposed could be served concurrently with a sentence the defendant was then serving and this was not possible because the crime was committed while the defendant was an escaped prisoner.

DISSENT BY D. C. RILEY, J.

10. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION — MANIFEST INJUSTICE.

*A criminal defendant's failure to object to a jury instruction on the elements of the offense does not preclude appellate review, as it would be manifestly unjust to allow the jury to convict a defendant of an offense without the jury's having been properly instructed on the elements of that offense.*

11. CRIMINAL LAW — JURY INSTRUCTIONS — ELEMENTS OF CRIME.

*A criminal defendant has a right to have a properly instructed jury pass upon the evidence; the jury instructions must include all of the elements of the crime charged.*

12. CRIMINAL LAW — AIDING AND ABETTING — INTENT.

*A conviction for aiding and abetting requires findings that the principal is guilty of the charged offense, that the defendant supported or encouraged the principal in the commission of the*

*charged offense, and that the defendant himself entertained the requisite intent for commission of the charged offense.*

13. CRIMINAL LAW — AIDING AND ABETTING — INTENT.

*A defendant, to be proven guilty as an aider and abettor, must be shown to have either shared the criminal intent of the principal or aided and abetted knowing that the principal had the requisite criminal intent.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best II,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove),* for defendant on appeal.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

PER CURIAM. Following a jury trial in Detroit Recorder's Court, the defendant, Edward Doss, was convicted of delivery of heroin, MCL 333.7401; MSA 14.15(7401). On April 21, 1980, he was sentenced to 10 to 20 years imprisonment. The defendant appeals as of right, raising several issues for our consideration.

I

First, we reject the defendant's claim that, because his conviction was based largely upon circumstantial evidence, the prosecution was bound to disprove all theories consistent with innocence. *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977). In *People v Davenport,* 39 Mich App 252, 256; 197 NW2d 521 (1972), the Court stated that:

"[W]here the People's case is based on circumstantial

evidence the prosecution has the burden of proving 'that there is no innocent theory which will, without violation of reason, accord with the facts'."

This oft-cited rule does not require the prosecutor to specifically disprove all innocent theories, rather:

"It should be sufficient if the prosecution proves its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defense may produce." *Edgar, supra,* p 474.

## II

Second, the defendant contends that the trial court committed reversible error by informing the jury that a defense witness had failed to appear at trial. At trial, during the presentation of the defendant's case, defense counsel informed the court that her client was ill and would not be able to proceed with the trial. The court then inquired of counsel as to whether she intended to call any more witnesses. Upon learning that defendant's next witness had not yet appeared, the court adjourned for the day, informing the jury:

"*The Court:* Members of the jury there is another witness that the defense notified to appear here today to testify. However, the witness has not appeared. I have waited, we are waiting for the witness to appear and that witness has not appeared. I have consented to give the defense until tomorrow morning to locate the witness and bring the witness down here. This matter will be adjourned until tomorrow morning at 9 o'clock. Come back tomorrow at 9 and we should be able to finish. Don't forget, don't talk about the case. The matter is adjourned until tomorrow morning at 9 a.m."

The defendant contends, for the first time on appeal, that these comments had the effect of discrediting this witness as they insinuated she failed to act as a good citizen. The defendant's failure to object to the comments bars appellate review unless it appears that the comments " 'were of such a nature as to unduly influence the jury and, thereby, deprive the appellant of his right to a fair and impartial trial' ". *People v Rogers,* 60 Mich App 652, 657; 233 NW2d 8 (1975), citing *People v Wilson,* 21 Mich App 36, 37; 174 NW2d 914 (1969). It does not appear to this Court that the trial court's comments impugned the credibility of the witness, *People v Wichman,* 15 Mich App 110; 166 NW2d 298 (1968), or displayed partiality which would have influenced the jury to the detriment of the defendant's case. Further, it does not seem that the trial court was doing anything other than explaining to the jury the reason for the adjournment of the trial. It is the opinion of this Court that the defendant was not denied his right to a fair trial by the trial judge's statement, and, therefore, the defendant's claim on this issue is rejected.

## III

Next, the defendant claims, for the first time on appeal, that the sentencing court improperly considered inaccurate information in the presentence report that the defendant had been charged with prison escape.

This Court will not review an alleged error in a presentence report unless a record thereof is made before the sentencing judge. *People v Herndon,* 98 Mich App 668, 674; 296 NW2d 333 (1980). In the

case at bar, although the defendant was given an opportunity, pursuant to GCR 1963, 785.12, to inspect the presentence report and explain or controvert its contents, he offered no objection to its contents. This Court has held that:

"[R]eference to other criminal activity, for which no conviction resulted, may be included in the presentence report and considered by the court, provided the defendant does have the opportunity for refutation provided by GCR 1963, 785.12. This is consistent with the Federal standards of due process set forth in *Williams v New York* [337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1948)] and the decisions from other states."

*People v McIntosh,* 62 Mich App 422, 446; 234 NW2d 157 (1975), *rev'd on other grounds* 400 Mich 1; 252 NW2d 779 (1977). See also *People v Books,* 95 Mich App 500; 291 NW2d 94 (1980). In the case at bar, the defendant had an opportunity to refute the contents of the presentence report, and, therefore, we cannot conclude that the trial court erred in considering this information. Moreover, an examination of the record reveals that the defendant's alleged escape from prison was not a factor in the court's determination of sentence. Rather, this information was considered only with regard to whether the defendant's sentence would run concurrently with, or consecutively to, his previous sentence for armed robbery.

IV

The defendant next argues that the trial court's instructions on aiding and abetting mandates reversal. We note first that the defendant did not object to the instruction at trial, when any errors

could have been easily resolved.[1] In fact, defense counsel expressly approved the instruction. "Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of jury failure." *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969). Thus, under the general rule, appellate review is precluded.

Despite counsel's failure to object, appellate review is possible if the error alleged would result in a miscarriage of justice. *People v Trammell,* 70 Mich App 351; 247 NW2d 311 (1976). An erroneous "intent" instruction would result in a miscarriage of justice. See *People v Townes,* 391 Mich 578, 593-594; 218 NW2d 136 (1974). A careful review of the trial court's instructions, however, reveals no error. The court did not read the standard criminal jury instructions on this issue.[2] Still, use of the standard instructions is not mandated,[3] and failure to use them is not per se reversible error. *People v Turner,* 99 Mich App 733, 739; 298 NW2d 848 (1980), *rev'd on other grounds* 411 Mich 897, 1037 (1981). An instruction will be upheld if it accurately states the law. The court's instructions must be read together and not in misleading bits and pieces. *People v McFadden,* 73 Mich App 232, 237; 251 NW2d 297 (1977). A reading of the trial

---

[1] "GCR 1963, 516.2 requires that a party object to an allegedly erroneous jury instruction before the jury retires, as a prerequisite to raising the issue on appeal. A similar requirement is contained in MCLA 768.29; MSA 28.1052. This Court has held that where no objection is raised to alleged errors in jury instructions the verdict will not be set aside unless the omissions or error have resulted in a miscarriage of justice. *People v Trammell,* 70 Mich App 351; 247 NW2d 311 (1976). Moreover, this Court will not find that a miscarriage of justice has occurred unless the incorrect instruction pertains to a basic and controlling issue in the case." *People v Sherman Hall,* 77 Mich App 456, 462; 258 NW2d 517 (1977), *lv den* 402 Mich 909 (1978).

[2] See CJI 8:1:01, 8:1:02, 8:1:03, 12:2:03.

[3] GCR 1963, 516.6; Administrative Orders 1977-1, 1978-5.

court's instructions shows no error. The court instructed the jury of the intent required to deliver heroin:

"This information charges the defendant as, I said, with delivery. It does not make any difference whether the defendant delivered the heroin to Mr. Grimmett. If you believe that he, in fact, believe beyond a reasonable doubt that he did deliver the heroin to Mr. Grimmett, if you find from the evidence you believe beyond a reasonable doubt that the defendant Doss delivered the heroin to Mr. Grimmett that is a violation of this statute. On the other hand if you believe from the evidence, it shows you beyond a reasonable doubt that the defendant, that Mr. Grimmett delivered the heroin to Mr. Thompson *and Mr. Doss was an active participant* in the delivery of that heroin you are satified *[sic]* beyond a reasonable doubt that he was an active participant then he would be guilty of this offense. If you were not satisfied that, that is from the proofs, he neither delivered the heroin to Mr. Grimmett and did not take an active part of the delivery by Mr. Grimmett to the officer Thompson he would not be guilty. Delivery means *that the defendant transferred heroin to another person knowing that the heroin was—knowing that the substance was heroin and intended to so deliver it to that person.*

\* \* \*

"Alright, possible verdict is as follows: If you find from the evidence that the people have prove *[sic]* to you beyond a reasonable doubt that the defendant, Edward Doss, did deliver heroin, that is he delivered it to Mr. Grimmett or participated in delivering it to Mr. Curlie Thompson, if you find the evidence satisfies you beyond a reasonable doubt that he did that then he is guilty of the charge. If on the other hand you feel the people failed to prove to you beyond a reasonable doubt that Mr. Doss did deliver heroin to Mr. Grimmett, nor did he participate in the delivery by Mr. Grimmett to Mr. Thompson your verdict should be not guilty." (Emphasis added.)

The defendant argues that this instruction permitted a guilty verdict on the basis of mere presence during the delivery. It is obvious, however, that the instruction required "active participation" and not just presence. The instruction clearly required the jury to find that the defendant had the specific intent to deliver heroin. If the trial court must be faulted, it is for omitting language which would allow a conviction for "supporting" or "encouraging" the delivery without the more active physical participation the court required. This "error" works for the defendant, not against him, and thus cannot form the basis for reversal.

## V

The fifth issue concerns the sufficiency of the evidence presented at trial. We find the evidence sufficient to support the conviction. A sale took place in which an undercover officer bought drugs from a middleman. The middleman gave the defendant the money, which had been marked. The deal was delayed until the defendant arrived at the apartment. When the sale was concluded, the defendant left. Afterwards, when officers identified themselves the defendant attempted to flee.[4] From this testimony a reasonable jury could find guilt.

## VI

In his second supplemental brief, the defendant argues that he should be resentenced. In sentencing the defendant, the judge stated:

*"The Court:* It is the sentence of this court that you be confined to a place designated by the Michigan Corrections Commission for a period of not less than 10

---

[4] *People v Cammarata,* 257 Mich 60, 66; 240 NW 14 (1932).

years or more than 20, *sentence to run concurrently, if possible, with the present sentence you are serving for armed robbery."* (Emphasis added.)

A concurrent sentence was not possible, though, because the crime was committed while the defendant was an escaped prisoner. Because the trial court misunderstood this point,[5] we are remanding for resentencing with an updated presentence report.

Affirmed and remanded for resentencing.

D. C. RILEY, J. *(dissenting).* I concur in the majority's resolution of the first three issues. However, I would hold that the trial court's instructions on aiding and abetting were so erroneous as to require reversal.

The trial court instructed the jury that they could find defendant guilty of delivery of heroin if they found that he had personally delivered heroin to the codefendant. The court then instructed the jury that they could convict defendant of aiding and abetting delivery of heroin if:

"* * * you believe from the evidence, it shows you beyond a reasonable doubt, that [defendant] delivered the heroin to [the sheriff's agent] and defendant was an active participant then he would be guilty of this offense."

As the majority has noted, defendant's failure to object to this instruction does not preclude appellate review as it would be manifestly unjust to allow the jury to convict a defendant of an offense without the jury having been properly instructed on the elements of that offense. *United States v*

---

[5] *People v Mauch,* 23 Mich App 723; 179 NW2d 184 (1970), *lv den* 384 Mich 765 (1970).

*Bryant,* 461 F2d 912, 920 (CA 6, 1972); *People v Williams,* 118 Mich App 266; 324 NW2d 599 (1982).

The rule in Michigan is that:

"A defendant has a right to have a properly instructed jury pass on the evidence and that the instructions must include all of the elements of the crime charged."

*People v Rappuhn,* 78 Mich App 348, 353; 260 NW2d 90 (1977), *lv den* 402 Mich 880 (1978).

In *People v Burgess,* 67 Mich App 214, 220; 240 NW2d 485 (1976), the Court held that to convict a defendant as an aider and abettor:

"[T]he jury had to find (1) the principal's guilt of the charged offense, (2) that the defendant supported or encouraged the principal in the commission of the charged offense, and, (3) that the defendant himself entertained the requisite intent of the charged offense."

In *People v Tolbert,* 77 Mich App 162, 167; 258 NW2d 176 (1977), the Court addressed the element of intent in aiding and abetting prosecutions and held that:

"To prove guilt * * * as an aider and abettor, it must be shown that the defendant either shared the criminal intent of the principal or aided and abetted knowing the principal had the requisite criminal intent."

In the case at bar, the court failed to instruct the jury that they must find defendant possessed such an intent, and, therefore, the defendant's conviction should be reversed. Furthermore, the court failed to instruct the jury that they had to

find codefendant guilty of the charged offense before they could convict defendant of aiding and abetting in that offense.

Because it cannot be discerned from the record whether the jury's verdict was based upon a finding that defendant had personally delivered heroin or whether they found him liable as an aider and abettor, I would remand this matter for a new trial.