PEOPLE v EMMA JOHNSON

Docket No. 78722. Submitted December 18, 1984, at Lansing.—Decided May 1, 1985.

Emma E. Johnson was convicted, on her plea of guilty, of obtaining property valued at over $100 by false pretenses, Eaton Circuit Court, Hudson E. Deming, J. Defendant appealed, alleging that the court erred in calculating the offense variables under the sentencing guidelines. The offense variables at issue are Fraud Offense Variable 17, pertaining to the aggregate value of property obtained, damaged or destroyed, and Fraud Offense Variable 8, which addresses whether defendant is involved in a professional or organized crime or ring. *Held:*

1. The court improperly aggregated the value of property allegedly obtained by the commission of other crimes than the one resulting in defendant's conviction. Other offenses either uncharged or charged but not resulting in conviction may not be used in calculating points under Fraud Offense Variable 17 pertaining to the aggregate value of the property obtained, damaged or destroyed.

2. Points are scored under Fraud Offense Variable 8 where the court decided either that the defendant derived a substantial portion of his or her income from the criminal activities involved or that the instant offense is directly related to membership in an organized criminal group. Under this variable, the court may consider other criminal activity for which no conviction resulted. Points were scored under this variable and a review of the record failed to reveal for which reason.

Remanded with instructions.

1. Fraud — Sentencing Guidelines — Other Crimes.

Other offenses either uncharged or charged but not resulting in conviction may not be used in calculating points under Fraud Offense Variable 17 pertaining to the aggregate value of the property obtained, damaged or destroyed.

References for Points in Headnotes

[1, 2] Am Jur 2d, Criminal Law § 525 *et seq.*

See the annotations in the ALR3d/4th Quick Index under topic Sentence and Punishment.

2. FRAUD — SENTENCING GUIDELINES — OTHER CRIMES.

Points are scored under Fraud Offense Variable 8 where the court decides either that the defendant derived a substantial portion of his or her income from the criminal activities involved or that the instant offense is directly related to membership in an organized criminal group; under this variable, the court may consider other criminal activity for which no conviction resulted.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz),* for defendant on appeal.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and C. A. WICKENS,* JJ.

PER CURIAM. On February 2, 1984, defendant pled guilty to obtaining property valued at over $100 under false pretenses, MCL 750.218; MSA 28.415, and on March 1, 1984, she was sentenced to from 6 to 10 years imprisonment. Defendant now appeals as of right challenging the sentencing judge's calculation of her offense variables (hereinafter sometimes referred to as O.V.'s) under Michigan's Sentencing Guidelines Manual. She asserts that "the guidelines report [i.e., the Sentencing Information Report] was incorrectly scored. If it had been correctly scored, defendant would have fallen in a minimum sentence range of 24 to 48 months, or 2 to 4 years" rather than the 36 to 80 months actually calculated by the sentencing judge. Thus, defendant contends that she is entitled to resentencing.

The offense variables at issue are Fraud O.V. 17

* Circuit judge, sitting on the Court of Appeals by assignment.

pertaining to the aggregate value of property obtained, damaged or destroyed and Fraud O.V. 8 which addresses whether defendant is involved in a professional or organized crime or ring.

I

The first question is whether the sentencing judge miscalculated defendant's offense variables under Fraud O.V. 17, Aggregate Value of Property Obtained, Damaged or Destroyed.

Defendant pled guilty to obtaining property valued at over $100 under false pretenses. What she obtained was a Singer sewing machine from a fabric shop in Delta Township valued at approximately $1,200.

For this offense, O.V. 17 provides:

"AGGREGATE VALUE OF PROPERTY OBTAINED, DAMAGED OR DESTROYED
"2 = more than $5,000 or property having significant historical, social or sentimental value
"1 = $750 to $5,000
"0 = less than $750
"Instructions:
"A. Score '0' in cases of 'true joyriding' where vehicle is recovered without damage.
"B. 'True joyriding' refers to cases where there is no intent to permanently deprive the owner."

Defendant contends that this variable should have been scored as 1 point rather than 2 points because the aggregate value of the property obtained in this offense was under $5,000, and there is no evidence in this record to suggest that it had "significant historical, social or sentimental value".

The prosecution submits that the uncontradicted presentence report indicates that approximately

$13,000 worth of bad checks were written by defendant. Citing *People v Gray,* 125 Mich App 482, 486-487; 336 NW2d 491 (1983); *People v Doss,* 122 Mich App 571, 577; 332 NW2d 541 (1983), *lv den* 417 Mich 1100.16 (1983); *People v Collier,* 105 Mich App 46, 52; 306 NW2d 387 (1981); *People v Nawrocki,* 8 Mich App 225; 154 NW2d 45 (1967), the prosecution argues that "[c]learly other criminal activity, whether or not resulting in conviction, if unobjected to may be considered at sentencing". We find that the prosecution's reliance on the above cited cases is misplaced.

Although the prosecution's proposition is generally correct, it is inapposite when applying Fraud O.V. 17 under the sentencing guidelines. By its terms, Fraud O.V. 17 applies to the aggregate value of property obtained, damaged or destroyed. Thus, as we read Fraud O.V. 17, it applies only to the actual offense defendant was convicted of committing. Other uncharged offenses or offenses charged but not resulting in conviction cannot be used in calculating the points defendant may receive under Fraud O.V. 17, the Aggregate Value of Property Obtained, Damaged or Destroyed.

Accordingly, given that defendant was convicted of obtaining a $1,200 sewing machine under false pretenses, she should have only received 1 point under O.V. 17, rather than the 2 points assessed by the sentencing judge.

## II

The second question is whether the sentencing judge miscalculated defendant's offense variables under Fraud O.V. 8, Professional/Organized Crime or Ring.

For this offense, O.V. 8 provides:

"PROFESSIONAL/ORGANIZED CRIME OR RING

"4 = offender is a member of professional/organized crime or ring

"0 = no membership by offender

"Instructions:

"A. Score '4' if the offense is part of a pattern of criminal activities over a period of time from which the offender has derived a substantial portion of his or her income and/or if the instant offense is directly related to membership in an organized criminal group.

"B. The degree of sophistication of the group is not so important as is the fact of existence, which can in part be inferred from the length of time the organization has been in operation.

"C. This may include a juvenile gang.

"D. Presence of multiple offenders should not automatically be defined as constituting an organized criminal group."

From reading this offense variable, we find that there are two separate means of arriving at a score. First, the court must decide whether the defendant "derived a substantial portion of his or her income" from the criminal activities involved. Second, the court must decide whether "the instant offense is directly related to membership in an organized criminal group". If either the first or the second prong, or both, is found to be true, then the court assesses 4 points against the defendant under O.V. 8. Furthermore, because the judge must actually consider whether "the offense is part of a pattern of criminal activities over a period of time * * *", Fraud O.V. 8 permits the sentencing judge to consider other criminal activity for which no conviction resulted so long as the information regarding this activity is accurate, not objected to, and is related to the present offense. See and compare *Gray, supra,* and the cases cited therein.

In this case, the sentencing judge gave defendant 4 points under this offense variable.

After reviewing the record, we cannot say whether the 4 points were assessed because defendant "derived a substantial portion of [her] income" from her criminal activities, or, whether "the *instant offense* is directly related to membership in an organized criminal group". (Emphasis supplied.)

Defendant contends that "the probation officer must have assigned points under O.V. 8 based on the assumption that defendant derived a substantial portion of her income from criminal activity". The prosecution, on the other hand, argues that the sentencing judge scored O.V. 8 as he did because the instant offense related to membership in an organized criminal group. In short, not even defendant or the prosecution can agree as to what the sentencing judge considered when he calculated Fraud O.V. 8.

A

As we review the record, we disagree with the prosecution's conclusion that "the *instant offense* is directly related to membership in an organized criminal group". (Emphasis supplied.) The mere "[p]resence of multiple offenders should not automatically be defined as constituting an organized criminal group". Fraud O.V. 8, D. Moreover, defendant acted alone. She was caring for her niece, who was a heroin addict, and to help this niece, defendant committed the "instant offense". Accordingly, we conclude that if the sentencing judge assessed 4 points against defendant under Fraud O.V. 8 based upon her "membership in an organized criminal group", then defendant is entitled to resentencing.

## B

Nevertheless, because the record is silent as to whether the amount defendant received from her writing of approximately $13,000 worth of bad checks constituted "a substantial portion of [her] income", we must remand the case to the sentencing judge for further proceedings. For example, defendant only received $500 as income from her check for $1,200 to the fabric shop because when she resold the Singer sewing machine that is all it brought. The same could be true with respect to the $13,000 worth of checks. In other words, what income did she derive from those bad checks under her check-writing scheme? Assuming, *arguendo,* that she did obtain property for these checks, did she then resell the property and, if so, how much did she derive from this sale? Based upon the present set of facts, applying the ratio between the $1,200 sewing machine and the $500 defendant received from its resale vis-à-vis the other $13,000 worth of checks defendant allegedly wrote, her income would have been approximately $5,416.67. Now, was this latter amount "a substantial portion of [defendant's] income"? Given that defendant held two legitimate jobs during the time when she committed these other check-writing offenses, it is unknown whether her receipt of money for the fraudulently obtained property equalled a substantial portion of defendant's income. Accordingly, we remand the case to the sentencing judge to determine the merits of these questions.

First, the sentencing judge is instructed to determine whether defendant received a substantial portion of her income from her fraudulent check-writing activities between April 20, 1982, and May 18, 1982.

Second, after the sentencing judge makes the above determination, the judge is further in-

structed to determine whether his calculation of Fraud O.V. 8 would be any different. If not, then defendant's sentence is affirmed because even if defendant does receive only 1 point, rather than 2 points, under Fraud O.V. 17, the sentence range would remain unchanged. If, on the other hand, the judge concludes that defendant should actually receive 0 points under Fraud O.V. 8, rather than the 4 points originally assessed, then the defendant's sentence is vacated and the judge is instructed to resentence defendant according to his new calculations. We express no opinion as to whether the sentencing judge should or should not deviate from the sentencing guidelines. This is a matter left to the sentencing judge's discretion. Defendant may, of course, appeal as of right from any adverse ruling entered by the sentencing judge. See *People v Jones,* 394 Mich 434, 435-436; 231 NW2d 649 (1975).

The case is remanded to the sentencing judge for further proceedings consistent with this opinion. We do not retain jurisdiction.