PEOPLE v NORMAN

Docket No. 82574. Submitted June 11, 1985, at Lansing.—Decided January 7, 1986.

Freddie L. Norman was convicted, on his plea of guilty, of armed robbery and felony-firearm, Jackson Circuit Court, Russell E. Noble, J. Defendant was sentenced to two years on the felony-firearm conviction and to a term of from 10 to 25 years for the armed robbery. Defendant appealed, alleging error in his sentencing. *Held:*

1. The circuit court agreed not to consider certain information contained in the presentence report to which the defendant objected. Therefore, the defendant is not entitled to resentencing because of the presence of the objected-to information. The defendant is, however, entitled to have that information stricken from the presentence report in order to prevent potentially false information from being relayed to the Department of Corrections. It is the duty of the sentencing judge to strike from the presentence report the information which he disregarded when imposing sentence.

2. It is unclear from the record whether the sentencing judge mistakenly imposed a minimum sentence longer than that recommended by the sentencing guidelines or intended to depart from the guidelines. The case is remanded to the sentencing court for resolution of this issue.

Remanded.

CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

A defendant is not entitled to resentencing where the trial court did not consider, when imposing sentence, information in the presentence report to which the defendant objected; when objected-to information is disregarded by the sentencing judge it is incumbent upon the judge to strike that information from the presentence report in order to prevent false information from being transmitted to the Department of Corrections (MCL 771.14[5]; MSA 28.1144[5]).

REFERENCES

Am Jur 2d, Criminal Law §§ 580-586, 596.

Defendant's right to disclosure of presentence reports. 40 ALR3d 681.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: MacKENZIE, P.J., and HOOD and J. E. MIES,* JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). The trial judge sentenced defendant to the mandatory two years imprisonment on the felony-firearm count and from 10 to 25 years imprisonment on the armed robbery count. Defendant now appeals as of right.

On appeal, defendant raises two sentencing issues. First, he argues that he is entitled to be resentenced because the presentence investigation report contained inaccurate information. At the time of sentencing, defendant made a specific objection to a statement in the presentence report which indicated that defendant had threatened the victim while they were in jail together. The judge agreed not to consider the information in sentencing, but denied defendant's request to strike the information from the presentence report.

Since the disputed information was not considered in sentencing, defendant is not entitled to resentencing. *People v Doss,* 122 Mich App 571, 577; 332 NW2d 541 (1983), *lv den* 417 Mich 1100.16 (1983). However, the court's action, which properly protected defendant's right to be sentenced based on accurate information, did not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

prevent potentially false information from being relayed to the Department of Corrections.

MCL 771.14(5); MSA 28.1144(5), which is directed at this problem, states:

"At the time of sentencing, either party may challenge, on the record, the accuracy or relevancy of any information contained in the presentence investigation report. The court may order an adjournment to permit the parties to prepare a challenge or a response to a challenge. If the court finds that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record and the presentence investigation report shall be amended and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections."

The prosecutor argues that the statute is primarily directed at the probation officer and, thus, does not require the sentencing judge to correct or amend a presentence report. We believe that MCL 771.14(5); MSA 28.1144(5) contains a clear legislative expression that the sentencing judge shall correct a presentence investigation report. Critical decisions are made by the Department of Corrections regarding a defendant's status based on the information contained in the presentence investigation report. Thus, the presentence investigation report should accurately reflect any determination the sentencing judge has made concerning the accuracy or relevancy of the information contained in the report. It would be impractical to place this duty on anyone but the sentencing judge.

In the present case, the judge decided to disregard the objected-to information. Therefore, in accordance with *People v Taylor,* 146 Mich App 203, 205-206; 380 NW2d 47 (1985), the appropriate remedy is as follows:

"When a court, for purposes of expediency, efficiency or otherwise, disregards information challenged as inaccurate, the court in effect determines that the information is irrelevant to sentencing. The defendant is therefore entitled to have that information stricken. Accordingly, we remand for the challenged parts of defendant's presentence investigation report to be stricken."

Consequently, this case is remanded to the trial court for correction of the presentence report and transmittal of a corrected copy to the Department of Corrections.

Defendant also argues that his minimum sentence was improperly calculated under the sentencing guidelines. At sentencing, defense counsel and the trial judge agreed that defendant was classified as E-II (which has a recommended minimum sentence of 60 to 96 months). The judge, however, stated that the minimum sentence for E-II is 72 to 120 months (which is the recommended minimum sentence for the E-III classification), and sentenced defendant to from 10 to 25 years. Defense counsel asked the judge if the final guidelines calculation was based on the E-II classification. The judge agreed that it was and stated, however, that the sentence of the court was from 10 to 25 years.

On appeal, defendant argues that the judge intended to sentence him within the recommended minimum sentence range for E-II (which is 60 to 96 months) but mistakenly sentenced him for E-III (which is 72 to 120 months). The prosecutor argues that the judge intended to depart from the recommended minimum sentence.

The sentencing information report signed by the trial judge indicates an E-III classification, a guidelines sentence range of 72 to 120 months, and no

reasons for departure. Thus, although the judge did articulate reasons for the sentence imposed on the record, the record does not show a deliberate decision to depart.

Consequently, this case is remanded to the sentencing judge to determine the proper resolution of this issue. The judge shall determine if he intended to classify defendant as E-II and sentence him according to the guidelines sentence range of 60 to 96 months. We express no opinion as to whether the sentencing judge should or should not deviate from the sentencing guidelines. This is a matter left to the sentencing judge's discretion. We note, however, that *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), and Administrative Order 1984-1, 418 Mich lxxx, require the court to state its reasons for departure. Defendant may appeal from any adverse ruling entered by the sentencing judge. See *People v Johnson,* 144 Mich App 497; 376 NW2d 122 (1985).

This case is remanded to the sentencing judge for further proceedings consistent with this opinion. We do not retain jurisdiction.