838 F.2d 472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit
Richard WATSON, Plaintiff-Appellant,
v.
Nicholas J. WESTRA, Defendant-Appellee.
 No. 86-1495.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1988.
 
 Before KEITH, WELLFORD, and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Convicted in a Michigan court of criminal sexual conduct in the first degree, and sentenced to imprisonment for a term of seven to twenty years, the plaintiff brought a federal court action under 42 U.S.C. Sec. 1983 against a Michigan probation officer who allegedly prepared a biased presentence investigation report that was relied on by the sentencing judge. The complaint asserted that in preparing the report the defendant failed to comply with "established guidelines."
 
 
 3
 On May 20, 1985, the defendant moved for summary judgment on the ground, inter al., that there was no genuine issue of material fact as to the propriety of the presentence report. Attached to the motion were an affidavit of the defendant and copies of the presentence report, a transcript of the sentencing hearing, a decision of the Michigan Court of Appeals on the plaintiff's appeal in the criminal case, and the Michigan Supreme Court's decision denying leave for appeal.
 
 
 4
 Plaintiff never filed any response to the motion for summary judgment. On May 2, 1986, after the motion had been pending for almost a year, the district court granted summary judgment for the defendant. This appeal followed.
 
 
 5
 The affidavit and other materials accompanying the defendant's motion for summary judgment contained a complete refutation of the allegations of the complaint. According to the complaint,
 
 
 6
 "Mr. Westra failed to prepare the Plaintiff's PSR of 21 January 1981 according to the established guidelines set down by law. He not only failed to prepare the PSR accprdomg (sic) to the law but added his own personal conclusions, made prejudical (sic) slurs, and changed the Plaintiff's statements to make him look bad."
 
 
 7
 The showing made by the defendant in his motion for summary judgment was that the presentence report was prepared "in accordance with all applicable Michigan Department of Corrections Policies and Procedures in force at the time governing form and content," and that the report was in no way prejudical or biased. On that showing the defendant was entitled to judgment as a matter of law.
 
 
 8
 A plaintiff may not withstand a motion for summary judgment by relying on the bare allegations of the pleadings. Celotex Corp. v Catrett, 477 U.S. 317, ---, 91 L.Ed.2d 265, 275 (1986). The plaintiff having failed to respond to the summary judgment motion and having failed to set forth specific facts showing that there was a genuine issue for trial, it was mandatory, under Rule 56, that summary judgment be entered for the defendant.
 
 
 9
 Moreover, the Full Faith and Credit Clause requires us to give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School District Board of Education, 465 U.S. 75, 81 (1984). The plaintiff was given an opportunity to challenge the information in his presentence report at the time of his sentencing, but he expressly declined the Michigan Circuit Judge's offer to present such a challenge. On appeal, the Michigan Court of Appeals stated that the "defendant was given ample opportunity to point out to the sentencing judge any factual inaccuracies in the presentence report, GCR 1963, 785.12, and to advise the court of any circumstances he believed the court should consider in imposing sentence. GCR 1963, 785.8(2)." The Michigan Supreme Court having denied leave for an appeal, we must give the decision of the Michigan Court of Appeals the same preclusive effect it would receive under Michigan law.
 
 
 10
 Under Michigan law, once a person has been given an opportunity to challenge his presentence report and a sentence has been imposed, "the presentence investigation report should accurately reflect any determination the sentencing judge has made concerning the accuracy or relevancy of the information contained in the report. It would be impractical to place this duty on anyone but the sentencing judge." People v. Norman, 384 N.W.2d 147, 148 (Mich.App.1986). The Michigan courts having approved the sentencing judge's finding that the presentence report was properly prepared and accurate, no federal court can now consider a claim premised on a claim that it is inaccurate or otherwise improper.
 
 
 11
 It is ORDERED that the judgment in favor of the defendant be affirmed. Rule 9(d)(5), Rules of the Sixth Circuit.