# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
May 12, 2015

v

No. 321451
Oakland Circuit Court
LC No. 2013-247909-FH

REGINALD FIDEL DANIELS,

Defendant-Appellant.

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted his guilty plea conviction for use of a controlled substance, MCL 333.7404(2)(a). Defendant was sentenced to 79 days' jail time, two years' probation, and to write a 500-word essay on the dangers of using controlled substances. We affirm defendant's conviction and sentence but remand for completion of the ministerial task of correcting defendant's Presentence Investigation Report (PSIR).

Defendant was charged with possession of crack cocaine after a police officer witnessed defendant drop a small bag, which contained crack cocaine, in an apartment complex parking lot. In exchange for a guilty plea, the prosecution offered defendant the lesser charge of use of a controlled substance. Additionally, the trial court placed a *Cobbs*[1] agreement on the record, stating that if defendant were to plead guilty, the trial court would limit his sentence to time served. Defendant agreed, and the plea offer and *Cobbs* agreement were placed on the record.

At sentencing, defendant and the prosecution notified the trial court that the PSIR did not contain the plea offer or *Cobbs* agreement. The trial court stated that it believed the PSIR should contain that information but never ordered that the PSIR be amended. The trial court then indicated that it believed it necessary to sentence defendant to two years' probation and to write a 500-word essay on the dangers of using illicit drugs in addition to defendant's time served in jail. Defendant urged the trial court to abide by the *Cobbs* agreement and limit the sentence to time served. The prosecution indicated that it believed that the trial court was free to add probation and an essay, believing the *Cobbs* agreement was silent on those issues and was only limited

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

with regard to the time of incarceration. The trial court agreed with the prosecution and sentenced defendant to time served in jail, two years' probation, and to write the aforementioned essay. Defendant was sentenced on February 6, 2014, and advised of his right to file an appeal. In the trial court, defendant never moved to withdraw his guilty plea. He filed a delayed application for leave to appeal on April 23, 2014, and now appeals by leave granted.[2]

Defendant first argues that the trial court was required to either follow the *Cobbs* agreement or permit defendant to withdraw his guilty plea. We are precluded from considering this argument. MCR 6.310(D) states that, "[a] defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter . . . unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal." The facts clearly exhibit that defendant never moved to withdraw his plea before the trial court. "Because defendant failed to file a motion to withdraw his plea in the circuit court, appellate review of this issue is precluded." *People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011); *People v Dixon*, 217 Mich App 400, 410; 552 NW2d 663 (1996).[3]

Defendant also claims that the PSIR is incorrect, in that it should reflect the *Cobbs* and plea agreements placed on the record. The prosecution likewise concedes that the PSIR should be amended. We agree. "This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Uphaus (On Remand)*, 278 Mich App 174, 181; 748 NW2d 899 (2008).

MCL 771.14(6) and MCR 6.425(E)(2) explicitly require that a PSIR be corrected when determined to have incorrect information. Further, our previous decision in *People v Norman*, 148 Mich App 273, 275; 384 NW2d 147 (1986), reflects the importance of the Department of Corrections being properly informed via correct PSIRs. Because the PSIR was incorrect in that it did not reflect the plea offer or *Cobbs* agreement reached during the plea hearing, the trial court abused its discretion in not correcting the PSIR, and we remand for the ministerial act of correcting the PSIR. See MCL 771.14(6); MCR 6.425(E)(2).

---

[2] *People v Daniels*, unpublished order of the Court of Appeals, entered June 12, 2014 (Docket No. 321451).

[3] We do note, however, that pursuant to *Cobbs*, 443 Mich at 283, "a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." The trial court exceeded its preliminary evaluation by adding probation and an essay, and should have given defendant an option to withdraw his plea. Barring the preclusion provided by MCR 6.310(D), we would have been required to vacate defendant's sentence and remand to the trial court with directions that the trial court sentence defendant according to the *Cobbs* agreement or permit him the option of withdrawing his plea. *Cobbs*, 443 Mich at 283.

Remanded for the sole purpose of correcting the PSIR to reflect the plea and *Cobbs* agreements, otherwise affirmed.  We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood