*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RAHEIM RAHHMAN ARMSTRONG,

        Defendant-Appellant.

UNPUBLISHED
January 19, 2023

No. 359522
Jackson Circuit Court
LC No. 17-005574-FC

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of one count of first-degree felony murder, MCL 750.316(1)(b), and one count of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to life in prison without parole for the first-degree felony-murder conviction and two years' imprisonment for the felony-firearm conviction. For the reasons stated in this opinion, we affirm defendant's convictions and sentences, but remand for the ministerial task of correcting his sentencing documentation.

## I. BACKGROUND

Defendant's convictions stem from the murder of Ronald Demetrius Owens. Prettyattie Cooper testified that, on the night of the murder, defendant asked her for a ride to a party store. Cooper and defendant met an unnamed individual at the party store. The individual got in the back of Cooper's vehicle and discussed a drug sale with defendant. According to Cooper, after the individual handed defendant what appeared to be a bag of drugs, defendant drew a gun and pointed it at the individual. The individual threw something at defendant and jumped out of the vehicle.

Cooper next drove defendant to a second party store to pick up Orlando Cunningham. Cunningham testified that he and defendant had communicated on Facebook Messenger about finding someone to sell defendant cocaine. Cunningham testified that he messaged the victim, who agreed to sell cocaine to defendant. Cunningham directed Cooper to drive to the victim's mother's house. When they arrived, Cooper remained in her vehicle, while defendant and Cunningham exited to meet with the victim.

Defendant and Cunningham met with the victim in the middle of the street. After discussing the price of drugs with the victim, defendant reached down to his pocket. According to Cunningham, instead of money defendant pulled out a gun, pointed it at the victim's face, and shot him. Defendant ran back to Cooper's vehicle, and Cooper drove defendant away from the scene. Cunningham ran to his aunt's house and called his father. After his father advised him to go to the police, Cunningham went to the police station and gave a statement. At the station, he noticed that he lost both his cell phone and his wallet.

Police arrived on the scene of the shooting and found Cunningham's wallet and cell phone, as well as a baggie containing a suspected controlled substance. Cooper and defendant were arrested two days later. Two days before defendant's trial, Cooper pleaded guilty to manslaughter in exchange for her cooperation in testifying against defendant. Defendant brought a motion in limine seeking to exclude under MRE 404(b) Cooper's testimony regarding the alleged armed robbery committed the same night as the murder. The trial court allowed the testimony, determining that it was proof of defendant's intent to commit an armed robbery with respect to the murder victim, which was the predicate offense to the felony-murder charge.

## II. OTHER-ACTS EVIDENCE UNDER MRE 404(B)

Defendant first argues that the trial court abused its discretion by admitting other-acts evidence under MRE 404(b). We disagree.[1]

"MRE 404 governs the admissibility of other-acts evidence. The general rule under MRE 404(b) is that evidence of other crimes, wrongs, or acts is inadmissible to prove a propensity to commit such acts." *People v Denson*, 500 Mich 385, 397; 920 NW2d 306 (2017). MRE 404(b) provides in part:

> (1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

To be admissible, other-acts evidence must (1) relevant to an issue other than propensity, (2) relevant under MRE 402 to an issue or fact of consequence at trial, (3) probative and not substantially outweighed by unfair prejudice in accordance with MRE 403, and (4) subject to a

---

[1] "The decision whether to admit evidence falls within a trial court's discretion and will be reversed only when there is an abuse of that discretion." *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013). A trial court abuses its discretion when its decision "falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

limiting instruction if such an instruction is requested. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993).

In this case, the evidence of the alleged armed robbery committed prior to the murder was offered for the proper purpose of showing defendant's intent as to the murder victim. This was relevant because the predicate offense to the felony-murder charge was attempted armed robbery, i.e., it was the prosecution's position that defendant intended to rob the murder victim. Armed robbery is a specific intent crime, requiring a showing that defendant intended to permanently deprive the victim of possession. *People v Parker*, 230 Mich App 337, 344; 584 NW2d 336 (1998). Because the robbery of the victim was not completed, the prosecution was required to show that defendant attempted to perpetrate the armed robbery. See MCL 750.316(1)(b). Defendant's intent with respect to the murder victim was therefore critical to determining whether the predicate-offense element of felony murder was satisfied.

Further, evidence of the alleged earlier robbery was highly probative of defendant's intent to commit an armed robbery against the murder victim. The uncharged conduct took place less than an hour before the charged offense and showed that defendant was acting pursuant to a common plan or scheme. In both instances, defendant discussed the exchange of money for drugs. When defendant was expected to take out money, he instead took out a gun. Thus, the uncharged armed robbery and the charged offense were sufficiently similar such that the jury could infer that defendant planned to rob the murder victim. See *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000). Lastly, the other-acts evidence was not unfairly prejudicial to defendant, and any risk of an improper propensity inference was neutralized by the trial court's limiting instruction that the jury could not consider the evidence for propensity purposes. Jurors are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Accordingly, the risk of unfair prejudice did not substantially outweigh the probative value of the evidence. MRE 403.

Defendant also argues that the prosecution failed to provide the notice required by MRE 404(b)(2), which states:

> (2) The prosecution in a criminal case shall provide written notice at least 14 days in advance of trial, or orally on the record later if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. If necessary to a determination required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination.

MRE 404(b)(2) requires the prosecution to provide 14 day's notice of an intent to introduce other-acts evidence. If the prosecutor has not given pretrial notice, the trial court must determine whether to excuse pretrial notice "on good cause shown." MRE 404(b)(2). In this case, there was good cause for the prosecution's failure to provide pretrial notice of Cooper's testimony regarding the alleged robbery. Cooper pleaded guilty on the Friday before the start of the trial on Monday. Accordingly, at the time that notice was due under MRE 404(b)(2), the prosecution did not anticipate calling Cooper as a witness given the pending charges against her.

Moreover, if the other-acts evidence was otherwise substantively admissible, the defendant cannot establish an error warranting relief unless he shows that the lack of notice prejudiced his trial. *People v Jackson*, 498 Mich 246, 278-279; 869 NW2d 253 (2015). The defendant must show that he would have conducted the trial differently had he known about the prosecution's intent to present the evidence. *Id*. As discussed, the other-acts evidence was substantively admissible under MRE 404(b). Further, defendant was aware of Cooper's allegations regarding the uncharged robbery because a detective had testified about those allegations at the preliminary examination over defendant's objection. And defendant does not explain how he would have conducted the trial differently had formal notice of the uncharged robbery been provided under MRE 404(b)(2). Therefore, defendant does not establish error entitling him to relief.

### III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that there was insufficient evidence to convict him of felony murder. We again disagree.[2]

The elements of felony murder are as follows:

> The elements of felony murder are (1) the killing of a person, (2) with the intent to kill, do great bodily harm, or create a high risk of death or great bodily harm with the knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of an enumerated felony. [*People v Lane*, 308 Mich App 38, 57-58; 862 NW2d 446 (2014) (citation omitted).]

Defendant challenges only the third element, arguing that there was insufficient evidence that he committed the predicate offense of armed robbery. However, the felony-murder statute specifically provides that a murder committed during an attempt to commit a robbery is a sufficient basis for a jury to convict of felony murder. See MCL 750.316(1)(b).

Here, the jury was instructed to consider attempted armed robbery as a predicate offense for felony murder and found defendant guilty. There was sufficient evidence to support that conclusion. As discussed, the evidence showed that earlier that evening defendant committed an armed robbery during which he pulled a gun on a drug dealer. Defendant followed a similar scheme with respect to the murder victim. When Cunningham and defendant met with the victim, defendant and the victim discussed an exchange of money for cocaine. Instead of pulling out money as expected, defendant pulled out a gun and shot the victim. Viewed in a light most

---

[2] This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019). "The test for determining the sufficiency of evidence in a criminal case is whether the evidence, viewed in a light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v Nowack*, 462 Mich 392, 399; 614 NW2d 78 (2000). "[W]e must defer to the fact-finder by drawing all reasonable inferences and resolving credibility conflicts in support of the jury verdict." *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 535 (2007).

favorable to the prosecution, a reasonable trier of fact could infer from this evidence that defendant committed attempted armed robbery.

Defendant further questions the credibility of Cooper and Cunningham as interested parties. The determination whether Cooper and Cunningham were credible witnesses was for the jury. The jury heard defendant's counsel extensively question each witness regarding their willingness to lie and motivations to blame defendant. The jury also heard that there was no forensic evidence and that Cunningham was linked to the scene through his cellphone and wallet, while defendant was not forensically linked to the scene. Nonetheless, the jury rejected defendant's arguments and found the witnesses at least partially credible. This Court defers to the credibility determinations of the jury. *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 535 (2007).

## IV. ACCURACY OF THE PSIR

Lastly, defendant argues that the presentence investigation report (PSIR) and judgment of sentence should be amended to reflect that he is a second-offense habitual offender rather than a fourth-offense habitual offender.[3] We disagree, but conclude that remand for further correction of the sentencing documentation is warranted.

The PSIR "should accurately reflect any determination the sentencing judge has made concerning the accuracy or relevancy of the information contained in the report." *People v Norman*, 148 Mich App 273, 275; 384 NW2d 147 (1986). The appropriate remedy for an inaccurate PSIR is remand so that the sentencing court can correct the report and transmit a corrected copy to the Department of Corrections. *Id.* at 276.

At sentencing, the prosecution pointed out that the PSIR listed defendant as having four prior felonies, when he had only been convicted of two prior felonies. The prosecution explained that two of the convictions that were listed as felonies were for attempted resisting and obstructing a police officer, which is a misdemeanor. See MCL 750.92(3). The trial court agreed and changed the PSIR accordingly.

However, defendant is mistaken that this correction had any effect on his status as a fourth-offense habitual offender. A defendant may be sentenced as a fourth-offense habitual offender when the defendant "has been convicted of any combination of 3 or more felonies or *attempts to commit felonies*." MCL 769.12(1) (emphasis added). Resisting and obstructing a police office is a felony, MCL 750.81d, and therefore defendant's prior attempted resisting and obstructing convictions are *attempted* felonies. Accordingly, defendant was properly sentenced as a fourth-offense habitual offender, and his argument regarding the judgment of sentence is without merit.

That said, while the PSIR was updated to show that defendant has only two prior felony convictions, the basic information report still shows defendant as having four previous felony

---

[3] This Court reviews a trial court's response to a claim of inaccuracy in the PSIR for an abuse of discretion. *People v Uphaus (On Remand)*, 278 Mich App 174, 181; 748 NW2d 899 (2008) (citation omitted).

convictions. Accordingly, we affirm defendant's convictions and sentence, but we remand for the trial court to complete the ministerial task of correcting defendant's sentencing documentation. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro