*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KARWAN TAYMOUR,

        Defendant-Appellant.

UNPUBLISHED
October 14, 2025
1:54 PM

No. 366496
Grand Traverse Circuit Court
LC No. 2023-014332-FH

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Defendant, Karwan Taymour, was convicted by jury verdict and sentenced to a prison term of 14 to 60 months for third-offense domestic assault, MCL 750.81(5). Defendant argues on appeal that evidence of his other acts of domestic violence should not have been admitted at his trial, and that the jury's verdict was not supported by sufficient evidence. We affirm defendant's conviction, but we remand the case to the trial court with instructions to correct an irregularity in the judgment of sentence and the presentence investigation report (PSIR).

## I. FACTUAL BACKGROUND

At defendant's trial, the prosecution presented evidence that defendant and the victim, his wife, had an argument that prompted defendant to aggressively pull the victim's hair. Following the argument, the victim dialed 911, but hung up without speaking to the operator. After receiving a dispatch in response to that discontinued call, police officers arrived at the scene and questioned the victim while her 12-year-old son was present. The victim told one officer what had happened, explaining that defendant had pulled her hair. The victim's son demonstrated for the officer how defendant had pulled the victim's hair. The victim's statements to that officer, as well as the son's demonstration, were recorded by the officer's body-worn camera.

Other police officers at the scene approached the backyard shed, where defendant had gone following the argument. One officer testified that, as defendant left the shed, the officer detected "the odor of intoxicants" emanating from defendant and observed other signs of intoxication. As a result of defendant's intoxication, as well as a language barrier, the police were unable to obtain a statement from defendant.

-1-

Before trial, the prosecution indicated that it intended to present evidence about defendant's history of domestic violence.[1] Defendant filed a motion in limine to exclude that evidence, but the trial court denied defendant's motion during a hearing conducted on March 27, 2023. At trial, the victim's testimony significantly contradicted what she had told the police officer at the scene. The victim testified that she had argued with defendant, but that defendant had left the house without physically assaulting her. She stated that she called 911 because she wanted defendant "to come back inside home" out of the cold, and because she "wanted, just needed some help." The victim also claimed not to remember whether defendant had consumed alcohol on the day of the alleged assault. She further stated that she could not recall whether her son had demonstrated to the officer how defendant allegedly had pulled her hair. She admitted that she had reported domestic violence in the past, but she characterized her decision to do so as "rushing to it." She gave testimony about incidents of defendant pulling her hair in exculpatory language:

> *Q.* Is it true that he's pulled your hair in the past?
>
> *A.* [M]ost of the time when I get upset, . . . he wants to comfort me. He hugs me. And he kind of like massaging my hair, like making me feel better because I'm getting very emotional quickly.
>
> *Q.* Okay.
>
> *A.* And I pull myself out. It's not . . . like he's pulling my hair.
>
> *Q.* Has he ever pulled your hair out of anger before?
>
> *A.* Not really.

The prosecutor asked the victim about each of the reports she had made about defendant's acts of domestic violence, two of which resulted in convictions of defendant, but her answers were mostly unresponsive. She flatly denied that defendant had ever aggressively touched her.

The son testified that the victim and defendant had argued, and defendant had left the house and gone into the backyard shed without doing anything else. The son explained that he could not recall speaking to the police. The prosecution offered certified records of defendant's convictions of two separate charges of domestic violence. The trial court admitted those records into evidence. The prosecution also played footage from the interviewing officer's body camera, which captured his conversation with the victim in which she described defendant's aggressive acts, as well as the son's demonstration of the hair pulling. The jury convicted defendant, and this appeal followed.

---

[1] Five incidents of alleged domestic violence were discussed at the hearing: a 2013 criminal charge for second-offense domestic violence to which defendant pleaded no contest; criminal charges of third-offense domestic violence from 2016, 2017, and 2019 that were dismissed; and a 2020 charge of third-offense domestic violence to which defendant pleaded no contest.

## II. LEGAL ANALYSIS

On appeal, defendant claims that the trial court erred when it admitted evidence of his prior acts of domestic violence. Defendant also contends that his conviction of domestic violence cannot stand because it is not supported by sufficient evidence. Specifically, defendant contends that "the evidence showed nothing more than a 'tug' of the hair without a more descriptive example of the purported tug." We will address these two arguments in turn, and then we will take up an issue of significance that neither party raised, but which warrants consideration.

## A. OTHER ACTS OF DOMESTIC VIOLENCE

Defendant faults the trial court for admitting evidence that he committed five other acts of domestic violence. A trial court's ruling to admit or exclude evidence is reviewed for an abuse of discretion. *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). An abuse of discretion occurs when a trial court "chooses an outcome falling outside the range of principled outcomes." *Id*. Preliminary legal questions regarding admissibility are reviewed de novo. *People v Bass*, 317 Mich App 241, 255; 893 NW2d 140 (2016).

The admission of other-acts evidence ordinarily is governed by MRE 404(b), but evidence of other acts of domestic violence is admissible under the standards in MCL 768.27b(1). Pursuant to that statute, "in a[ny] criminal action in which the defendant is accused of an offense involving domestic violence, . . . evidence of the defendant's commission of other acts of domestic violence . . . is admissible for any purpose for which it is relevant," unless it is subject to exclusion pursuant to MRE 403. "Under MCL 768.27b and subject to MRE 403, prior-bad-acts evidence of domestic violence can be admitted at trial because a full and complete picture of a defendant's history tends to shed light on the likelihood that a given crime was committed." *People v Skippergosh*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364127); slip op at 7 (quotation marks and citation omitted). "[E]vidence of other acts of domestic violence is admissible, even to show propensity, so long as admission does not violate MRE 403 and the acts took place no more than 10 years before the charged offense." *People v Rosa*, 322 Mich App 726, 732; 913 NW2d 392 (2018). Here, defendant's challenge to the admission of other-acts evidence is predicated on MRE 403.

At the time defendant was tried, MRE 403 provided that, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[2] When applying MRE 403, courts may consider the following factors:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence

---

[2] The Michigan Rules of Evidence—including MRE 403—were revised effective January 1, 2024. *Skippergosh*, ___ Mich App at ___ n 4; slip op at 6 n 4. Significantly, however, the revised version of MRE 403 is "substantively identical in application to that which existed at the time of trial." *Id*.

supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

This list is "illustrative rather than exhaustive," and a court applying those factors must "weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*.

Defendant contends that the reliability of the other-acts evidence was called into question because the victim denied, or stated that she could not recall, any prior assault when she testified. He further insists that the trial court failed to properly apply the six *Watkins* factors to each of his prior acts individually, and the trial court also failed to consider the unfairly prejudicial effect that admission of his prior acts had on the jury in light of the unreliability of that evidence. Defendant's argument that recantation by the victim and her son undermined the reliability of the evidence of other acts of domestic violence reveals the primary purpose that the trial court envisioned for that evidence. The trial court observed that the evidence of defendant's prior acts of domestic violence would shed light on "the relationship between the defendant and a victim," and it would "help the jury explain why a witness may recant." We agree that such evidence, even if prejudicial, served an important purpose in assisting the jury in its assessment of the credibility problem arising from the recantations of the victim and her son at trial. See *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011) (holding that prior acts of domestic violence are admissible to illustrate the nature of the defendant's relationship with the complaining witness and assist the jury in assessing credibility when the complainant has recanted her allegations at trial).

Defendant's claim that the trial court failed to properly analyze each prior act in accordance with *Watkins*, 491 Mich at 489, is misplaced because, during the hearing on defendant's motion in limine, the prosecutor argued that each prior act was sufficiently similar for admissibility purposes because each act was against the same victim and defendant was intoxicated during each incident. Moreover, the prosecution asserted that most of the prior incidents involved "hair pulling," which was the accusation at the heart of the domestic-violence charge in the instant case. The trial court agreed, finding that there was "similarity between the other acts and the charged crime."

Defendant argues that the conduct underlying two of the prior acts was factually dissimilar because the 2013 incident involved alleged "scratches on the face and chest" and the 2019 incident involved purported shoving. But "[p]rior acts of domestic violence can be admissible under MCL 768.27b regardless of whether the acts were identical to the charged offense." *Meissner*, 294 Mich App at 452. Further, defendant fails to contest (or even acknowledge) the prosecutor's contention that the "majority" of the five prior acts involved some form of hair pulling. Because each instance of domestic violence involved the same victim and usually included similar violent actions, we do not believe that defendant's prior acts of domestic violence were insufficiently like the allegations in the instant case to justify exclusion of the other-acts evidence under MRE 403.

Beyond that, the trial court properly instructed the jury about the proper use of the evidence of other acts of domestic violence. Significantly, the trial court concluded its jury instructions on the matter by explaining: "You must not convict the defendant here solely because you think he is guilty of other bad conduct. The evidence must convince you beyond a reasonable doubt that the

defendant committed the alleged crime or you must find him not guilty." That instruction reduced the danger of unfair prejudice because jurors "are presumed to follow their instructions[.]" *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Accordingly, for all of these reasons, we conclude that the trial court did not abuse its discretion by permitting the prosecution to present evidence of defendant's prior acts of domestic violence under MCL 768.27b and MRE 403.

## B. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the trial record does not contain sufficient evidence to support his conviction of domestic violence. Specifically, he asserts that "[w]e do not know if the tug on [his wife's] hair was an aggressive tug; hard tug; soft tug; or loving tug." A challenge to the sufficiency of the evidence is "reviewed de novo." *People v Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). When assessing a challenge to the sufficiency of the evidence, we must review all of the evidence in the "light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (quotation marks and citation omitted). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1990). We must draw all reasonable inferences and make credibility choices in support of the jury verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

The elements of the crime of domestic assault are: (1) the defendant assaulted and battered the victim; and (2) the defendant and the victim had a specified domestic relationship, in this case they were spouses and they had a child in common. See MCL 750.81(2); *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011). In challenging the sufficiency of the evidence at trial, defendant focuses solely on the element of assault and battery. An assault can "be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). A battery involves "an intentional unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id.*

Defendant insists the evidence at trial was insufficient to sustain his conviction because the victim testified that defendant did not aggressively touch her, and the son's testimony confirmed that defendant did not assault the victim. Although the victim testified that defendant touched her hair only in affectionate or otherwise benign ways, she described in detail for a police officer how defendant aggressively "pulled" her hair. Her statements were presented through the testimony of the officer who conducted the interview of the victim and through body-camera footage depicting the officer's interaction with the victim and the son's demonstration of how defendant pulled the victim's hair. "It is the province of the jury to determine questions of fact and assess the credibility of witnesses." *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998). Defendant has not demonstrated how the evidence considered by the jury was insufficient to support the conviction. Indeed, notwithstanding the victim's recantation at trial, the victim's statements made to the police officer at the scene establish that defendant harmfully and offensively touched the victim.

On appeal, defendant characterizes the police officer's testimony as hearsay, but defendant did not object on that basis at trial. More importantly, MCL 768.27c(1)(b) permits the admission of such statements to the police as substantive evidence in domestic-violence cases. See *Meissner*,

294 Mich App at 445-451. Thus, the trial court's decision to admit the police officer's testimony about the victim's statements at the scene describing domestic violence was not error at all, much less plain error required to prevail on an unpreserved claim. See *Carines*, 460 Mich at 763.

Defendant contends that any evidence of hair pulling indicated a mere "tug" insufficient to establish domestic violence. Defendant's contention is misplaced, however, because a conviction of domestic violence does not require proof of a threshold degree of physical injury. See *Cameron*, 291 Mich App at 614. Whether defendant pulled the victim's hair, and, if so, whether the "tug" rose to the level of a harmful or offensive touching were questions of fact pertinent to establishing the elements of the charged offense. Although the jurors were presented with conflicting evidence on those points, we conclude that there was sufficient evidence of aggressive hair pulling to support the jury's resolution of that conflict by finding defendant guilty. See *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018) ("A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses."). Hence, we find no basis to overturn defendant's conviction of domestic violence for lack of sufficient evidence.

## C. DOCUMENTATION OF DEFENDANT'S CONVICTION

Although neither party has raised the issue, we note that defendant's judgment of sentence identifies the PACC code as "750.814," which reflects that defendant was convicted and sentenced under MCL 750.81(4). The PSIR likewise refers to MCL 750.81(4). The third-offense domestic-violence provision was once so designated, but it was subsequently moved to MCL 750.81(5) by 2016 PA 87, effective July 25, 2016. This Court has treated outdated references to MCL 750.81(4) as mere "clerical errors." See *People v Seward*, unpublished per curiam opinion of the Court of Appeals, issued February 21, 2019 (Docket No. 340385), p 1 n 1. Because such a "clerical error" exists in this case, we remand the case to the trial court with the instruction to correct defendant's judgment of sentence and his PSIR to indicate that he was convicted and sentenced under MCL 750.81(5), rather than MCL 750.81(4). See *People v Norman*, 148 Mich App 273, 275; 384 NW2d 147 (1986) ("Critical decisions are made by the Department of Corrections regarding a defendant's status based on the information contained in the presentence investigation report.").

Conviction and sentence affirmed, but case remanded for the ministerial correction of the judgment of sentence and the PSIR. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates